# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

United States of America,

        Plaintiff,

vs.

Steven Joseph Brezovski, III,

        Defendant.

CR 24-00680-TUC-RCC (JR)

**REPORT AND RECOMMENDATION**

      This matter was referred to Magistrate Judge Rateau for pretrial matters. On July 29, 2024, Defendant Steven Joseph Brezovski, III ("Defendant") filed a Motion to Dismiss Counts 3-7. (Doc. 30). The Government filed a response on August 12, 2024 (Doc. 34) and the Defendant replied on August 14, 2024 (Doc. 36). A hearing was conducted on August 21, 2024. Defendant, who is out of custody, was present and represented by counsel.[1] Having considered the matter, the Magistrate Judge recommends that Defendant's motion be DENIED.[2]

---

[1] As no testimony or exhibits were presented at the hearing, the Magistrate Judge did not request that a transcript be prepared.

[2] Trial is scheduled for October 22, 2024, and the plea deadline is October 4, 2024. (Doc. 33).

**Facts**

On February 14, 2024, Defendant was charged in a seven-count indictment. (Doc. 1). On July 22, 2024, the Government moved to dismiss Counts One and Two of the Indictment. (Doc. 28). On July 23, 2024, the District Court granted the Government's Motion to Dismiss Counts One and Two of the Indictment leaving Counts Three through Seven unimpacted by the dismissal. (Doc. 29).

The remaining counts charge Making False Statements in Connection with Acquisition of Firearms. The Government alleges that on five occasions, Defendant knowingly made false statements and representations to various businesses that his address was on Fort Lowell Road in Tucson, Arizona, when in fact it was not his current address. (Doc. 1).

**Argument**

Pursuant to Fed.R.Crim.P. 12(b)(3)(A)(v), Defendant moves to dismiss the Indictment arguing that the Government presented incorrect testimony to the grand jury. According to the defense, the error in the grand jury presentment occurred when the Government told the grand jury that the Fort Lowell Road address the Defendant used to purchase firearms was not actually his address. According to the defense, the address on Fort Lowell Road has been Defendant's true and permanent address for a long time.[3]

---

[3] While not necessary to the resolution of this motion, the Government explained that prior to indictment, an ATF special agent went to the Fort Lowell Road address and interviewed Defendant's stepfather. The address was a muffler shop owned by the

2

**Discussion**

Rule 7(c)(i), Fed.R.Crim.P., requires an indictment to contain both "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and a citation to the "statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *See* Fed.R.Crim.P. 7(c)(1). The indictment must provide the essential facts necessary to apprise a defendant of the crime charged but it need not specify the theories or evidence upon which the government will rely to prove those facts. *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). *See also United States v. Yonn,* 702 F.2d 1341, 1348 (11th Cir.), *cert. denied*, 464 U.S. 917 (1983) (holding that Constitutional requirements are fulfilled "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.").

Here, the Indictment informs Defendant of the specific dates the crimes allegedly occurred (October 18, 2022, December 7, 2022, and September 9, 2023); where the crimes were allegedly committed (at four different businesses in the

---

stepfather. The stepfather told the ATF special agent that the Defendant did not currently live at the address and had not lived there previously. The Court raises this issue because defense counsel appears to rely on *Napue v. Illinois*, 360 U.S. 264, 269 (1959), for the proposition that Due Process requires the Government to reconvene the Grand Jury and inform them that contrary to what Defendant's stepfather may have told the ATF special agent, in fact, Defendant's best address at the relevant time was the Fort Lowell Road address. *Napue* does not stand for this proposition. There, the Supreme Court held that "a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Id*. Here, the Defendant has not been convicted but only charged and there is no evidence to suggest that the Government plans on knowingly presenting false or perjured testimony at an upcoming jury trial.

1    District of Arizona); the false information that Defendant allegedly provided to the

2    businesses (that he lived at an address on Fort Lowell Road when in fact, he did not);

3    and the law that the Defendant is alleged to have violated (18 U.S.C. § 924(a)(1)(A)).

4    The present Indictment is constitutionally sufficient to apprise Defendant of

5    the charges and of the provision of federal law that he is alleged to have violated.

6    When an indictment is found to be sufficient on its face, a defendant may not

7    properly challenge it on the ground that the allegations are not supported by adequate

8    evidence. *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975), *cert. denied*, 423

9    U.S. 1087 (1976). "A motion to dismiss the indictment cannot be used as a device for

10   a summary trial of the evidence [and] [t]he court should not consider evidence not

11   appearing on the face of the indictment." *United States v. Marra*, 481 F.2d 1196,

12   1199–1200 (6th Cir.), *cert. denied*, 414 U.S. 1004 (1973). Stated differently, there is

13   no summary judgment procedure in criminal cases. *United States v. Critzer*, 951 F.2d

14   306, 307 (11th Cir. 1992) (per curiam). *See also United States v. Jensen*, 93 F.3d 667,

15   669 (9th Cir. 1996) (finding that the district court erred in considering documentation

16   provided by the defendant and basing its decision on evidence that should only have

17   been presented at trial).

18   The Government correctly notes that Defendant's argument is largely a

19   sufficiency of the evidence challenge. The proper vehicle with which to challenge the

20   sufficiency of the evidence is a trial, not a motion to dismiss.

21   …

22   …

**Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.1, Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, **DENY** Defendant's Motion to Dismiss Counts 3-7. (Doc. 30).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. No replies are permitted without leave of court.  If any objections are filed, this action should be designated as case number: CR 24-00680-TUC-RCC. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 22nd day of August, 2024.

Honorable Jacqueline M. Rateau
United States Magistrate Judge